UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY C. OWENS, *Pro Se*, | ) | Case No.: 3:10 CV 282 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE WILLIAMS, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On February 8, 2010, Petitioner Anthony C. Owens, *Pro Se* ("Owens") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner alleged the following grounds for relief:

> **GROUND ONE:** [t]he State of Ohio erred when it accepted Owens waiver of counsel without sufficient examination of whether it was knowing, intelligent and voluntarily, in violation of the right to [Counsel], Due Process
>
> **Supporting facts:** Failure during waiver of counsel coll[o]quy to advise Owens if convicted, his sentence included a mandatory five year term of [post]-release control, and consequences he would face upon violating could carry further incarceration of up to 50 percent of his original sentence. Neither of the elements nor the statutory language were discussed (nature of charges) or mitigation was never explained. Failed to explain how waiver of counsel would affect Owens opportunity to claim ineffective assistance of right to counsel, and in violation of due process.

(*Id*. at 5.)

This case was referred to Magistrate Greg White for preparation of a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on April 27, 2011, recommending that final judgment be entered in favor of the Respondent and that Owens's Petition be denied. (ECF No. 21.) Specifically, the Magistrate Judge first found that Ground One of Owens's Petition is procedurally defaulted to the extent that he argues that he was never informed of the consequences of violating his post-release control because he failed to raise this issue on direct appeal. (*Id*. at 9.) Since Ohio courts would be precluded from hearing this issue based on the doctrine of *res judicata*, this portion of Owens's Petition is procedurally defaulted. (*Id*.) However, Magistrate Judge White found that the Petition raised other issues in Ground One regarding the waiver of counsel, which had not been defaulted, and in respect to which Petitioner had exhausted his state court remedies. (*Id*.) After a review of the trial transcript, he found that Owens's waiver of the right to counsel was knowing, intelligent, and voluntary. (*Id*. at 12-18.) Magistrate Judge White found that Owens was informed of the potential term of imprisonment and post-release control he faced, the elements of the offense he was charged, that his lack of knowledge regarding certain defenses or mitigating evidence were not grounds for appeal, and that he could not later claim ineffective assistance of counsel due to his own representation. (*Id*. at 18-19.) In conclusion, the Magistrate Judge found that the state court decision involved herein was not contrary to, or involved, an unreasonable application of clearly-established federal law.

Petitioner filed an Objection to the R&R ("Objection") on June 15, 2011. (ECF No. 27.) Petitioner merely reiterates arguments previously raised regarding the need to be informed about post release control and how his waiver to the right to counsel was not knowing and voluntary. (Objection at 2-18.) The court finds none of these arguments to be persuasive.

After carefully reviewing the Report and Recommendation, Petitioner's Objections, and all other relevant materials in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 21.)

Consequently, Owens's Petition is hereby denied, and final judgment is hereby entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 20, 2011