UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY C. OWENS, *Pro Se*, | ) | Case No.: 3:10 CV 282 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE WILLIAMS, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending in the above-captioned case is Petitioner Anthony C. Owens's ("Owens") *Pro Se* Motion for Certificate of Appealability and to Proceed In Forma Pauperis (ECF No. 33.) For the reasons stated herein, the court denies Owens's Motion in its entirety.

Petitioner alleged the following grounds for relief in his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:** [t]he State of Ohio erred when it accepted Owens waiver of counsel without sufficient examination of whether it was knowing, intelligent and voluntarily, in violation of the right to [Counsel], Due Process.
>
> **Supporting facts:** Failure during waiver of counsel coll[o]quy to advise Owens if convicted, his sentence included a mandatory five year term of [post]-release control, and consequences he would face upon violating could carry further incarceration of up to 50 percent of his original sentence. Neither of the elements nor the statutory language were discussed (nature of charges) or mitigation was never explained. Failed to explain how waiver of counsel would affect Owens opportunity to claim ineffective assistance of right to counsel, and in violation of due process.

(Petition at 5, ECF No. 1.) Magistrate Judge Greg White issued his Report and Recommendation ("R&R") on April 27, 2011, recommending that final judgment be entered in favor of the Respondent and that Owens's Petition be denied. (ECF No. 21.) This court issued an Order

adopting the R&R as its own on June 20, 2011. (ECF No. 28.) On August 10, 2011, Owens filed the instant Motion. (ECF No. 33.)

The Supreme Court has stated that in order for a habeas prisoner to obtain a certificate of appealability ("COA") under 28 U.S.C. § 2253(c), he

> must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If a constitutional claim is rejected on the merits, "the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. The Magistrate Judge found that a portion of Owens's claim was procedurally defaulted, but since Owens raised other issues that had not been defaulted, a review on the merits of those issues was necessary. (R&R at 9, 12-18, ECF No. 21.) The court adopted the Magistrate Judge's reasoning as its own. Therefore, Owens must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," in order to prevail. *Slack*, 529 U.S. at 484.

Owens correctly states the standard regarding the issuance of a COA, but fails to include any argument to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. (Mot. at 2-3, ECF No. 33.) He merely states that a certificate should issue from this court and that the court's decision was wrong, without any supporting arguments for his contention. In any event, the court thoroughly reviewed the record in this case and finds this court's ruling on Owens's claims is not debatable. For the reasons set forth in the June 20, 2011 Order, adopting the R&R, the court

finds there is no basis upon which to issue a COA.[1] (June 20, 2011 Order, ECF No. 28; R&R, ECF No. 21 .) Thus, the request to proceed in forma pauperis is also denied. Accordingly, the Motion is denied in its entirety. (ECF No. 33.)

    IT IS SO ORDERED.

                                                /s/ *SOLOMON OLIVER, JR.*
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

August 26, 2011

---

[1] Owens does not make any references to the portion of his claim procedurally defaulted. However, to the extent he seeks to raise that claim as well, he also fails to meet the standard. The Supreme Court has stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Owens has not met this burden, and a review of the record indicates that the issue is not debatable. Therefore, for the reasons set forth in the June 20, 2011 Order, the court finds there is no basis upon which to issue a COA. (*See* ECF Nos. 21, 28.)